UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOVECORP, *et al.*,

        *Plaintiffs,*

    v.

SMALL BUSINESS ADMINISTRATION, *et al.*,

        *Defendants*.

Civil Action No. 20-1739 (CKK)

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants U.S. Small Business Administration *et al.* ("SBA") respectfully submit this notice of supplemental authority to alert the Court to a recent decision by the U.S. District Court for the District of Maryland addressing several issues presented in the instant action. *See Carmen's Corner Store*, et al. *v. Small Business Admin.*, Civ. A. No. 20-1736 (CCB), 2021 WL 615121 (D. Md. Feb. 17, 2021) ("Mem.") (attached hereto).

In that lawsuit, the plaintiffs challenged several iterations of an SBA Interim Final Rule restricting certain businesses from receiving loans under the CARES Act's Paycheck Protection Program ("PPP") if they had a greater than 20 percent owner with a certain criminal history. Mem. at 1. Under the first two iterations of that rule, the plaintiffs and their owner—like Plaintiffs in the instant case—were ineligible to receive PPP loans. *Id*. But, also like Plaintiffs in the instant case, they became eligible under the third revision to the rule and subsequently sought and received PPP loans. *Id*. The plaintiffs asserted in their complaint and in a preliminary injunction motion that the first two iterations of the rule were arbitrary and capricious under the Administrative Procedure Act ("APA"), and sought, among other relief, a declaratory judgment and a permanent injunction.

*Id*. at 2.  SBA moved to dismiss the action for lack of subject matter jurisdiction, arguing that plaintiffs' receipt of PPP loans and the expiration of the PPP program meant that there was no further relief the court could order and thus the plaintiffs' claims, which were solely for prospective relief, were moot under Article III.  *Id*.

The district court held that no Article III controversy remained and granted SBA's motion to dismiss.  *Id*. at 6, 11.  The District Court rejected plaintiffs' argument that their claim for a declaratory judgment that the now-superseded first two iterations of the interim final rule presented an ongoing controversy because of what plaintiffs alleged was a risk that the defendants would reinstate those restrictions in a future PPP.  *Id*.  The district court reasoned that "[a] declaratory judgment that the prior criminal history IFRs were unlawful now that they are no longer in effect and pose no barrier, as they did earlier in this litigation, to the plaintiffs' eligibility for PPP loans would not have any 'practical effect' on any interest the plaintiffs had in this matter—the plaintiffs received their loans under the June 24 IFR, the initial PPP has closed, none of the challenged rules apply to an existing PPP, and . . . there is no indication that banks are continuing to process applications under the superseded rules."  *Id.* at 7 (citations omitted).  As such, "any relief would amount to an impermissible advisory opinion.  *Id*.

The district court also rejected as "not persuasive" plaintiffs' contention that the mootness doctrine did not apply because the agency had voluntarily ceased its allegedly illegal activity and that the case presented an issue capable of repetition but evading review.  *Id*. at 8.  The district court reasoned that, far from openly announcing an intention to reenact precisely the same previously challenged provision, SBA had, in rulemaking proceedings post-dating plaintiffs' complaint and receipt of PPP loans, retained the revised criminal history ineligibility criteria under which the plaintiffs are eligible for PPP loans.  *Id*. at 9 (citing 86 Fed. Reg. 3692, 3698 (January

14, 2021); 86 Fed. Reg. 3712, 3718 (January 14, 2021)). Further, plaintiffs had offered no evidence that the defendants planned to revise those rules. *Id*. at 9. Accordingly, the district court dismissed the lawsuit for lack of subject-matter jurisdiction. *Id.* at 11.

SBA respectfully submits that the analysis and conclusions contained in the attached opinion support the arguments presented in Defendants' motion to dismiss for lack of subject-matter jurisdiction (ECF No. 19).

Dated March 15, 2021  Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar. No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

/s/ *Diana V. Valdivia*
DIANA V. VALDIVIA, D.C. Bar # 1006628
Assistant United States Attorney
Civil Division
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2545
Email: diana.valdivia@usdoj.gov

*Counsel for Defendants*