IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN'S CORNER STORE, *et al.* | * | |
| | * | |
| v. | * | Civil No. CCB-20-1736 |
| | * | |
| SMALL BUSINESS ADMINISTRATION, *et al.* | * | |
| | * | |
| | ******** | |

**MEMORANDUM**

This is an action challenging several iterations of a Small Business Administration Interim Final Rule ("IFR") restricting certain businesses from receiving loans under the CARES Act's Paycheck Protection Program ("PPP") if they have a greater than 20 percent owner with a certain criminal history. Under the first two iterations of this rule, the plaintiffs—two businesses, Carmen's Corner Store and Retail4Retail, and their owner, Altimont Mark Wilks—were ineligible to receive PPP loans, but they became eligible under the third revision to the rule, albeit six days before the statutory application deadline for the PPP. The plaintiffs sought declaratory relief and to enjoin the enforcement of the IFRs, initially through a preliminary injunction. The court largely denied relief but granted a preliminary injunction to extend the deadline for the plaintiffs to apply for the PPP. (ECF 19). As a result, the plaintiffs sought and received PPP loans. (ECF 21). Now pending are defendants' motion to dismiss for lack of subject-matter jurisdiction (ECF 24) and plaintiffs' motion for summary judgment (ECF 25). The motions have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the following reasons, the court will grant the motion to dismiss for lack of subject-matter jurisdiction and deny the motion for summary judgment.

## BACKGROUND

To resolve the court's jurisdiction, only a brief explanation of the facts and procedural history of this case is necessary. The court's earlier memorandum concerning the plaintiffs' motion for a preliminary injunction provides a full account of the facts. *See Defy Ventures, Inc. v. SBA*, 469 F. Supp. 3d 459 (2020).[1]

The plaintiffs' complaint asserted that the first IFR, issued on April 15, 2020, exceeded the SBA's statutory authority, was arbitrary and capricious, and was a failure to carry out a ministerial duty in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C). (ECF 1, Compl. ¶¶ 116–156). The plaintiffs sought a declaratory judgment that the IFR was unlawful, a temporary restraining order and preliminary and permanent injunctions enjoining the defendants from enforcing the IFR and ordering the defendants to secure PPP loans for the plaintiffs, and writs of mandamus ordering the defendants to administer PPP loans without regard to a business owners' prior criminal history. (ECF 1, Prayer for Relief). The SBA revised the IFR twice during the litigation and before the plaintiffs' motion for preliminary injunction was fully briefed. *See Defy Ventures*, 469 F. Supp. 3d at 466. The third iteration of the IFR, issued on June 24, 2020 (six days before the PPP application deadline of June 30, 2020), excluded only those businesses with a greater than 20 percent owner who was presently facing any felony charges or whose probation or parole commenced within the last five years for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an

---

[1] The court addressed the plaintiffs' motion for a preliminary injunction together with a motion for preliminary injunction brought in a similar case, *Defy Ventures Inc., et al. v. SBA, et al.*, No. CCB-20-1838. Following the court's order granting limited injunctive relief, the plaintiffs in that case voluntarily dismissed their claims. (No. CCB-20-1838, ECF 42).

application for federal financial assistance and within the last year for other felonies. *See id.* Under this rule, the plaintiffs became eligible for PPP funding. *Id.* at 468.

The court found the plaintiffs were likely to succeed only on their APA claim that the first two iterations of the rule were arbitrary and capricious. *Id.* at 475. Notwithstanding the plaintiffs' eligibility under the third iteration of the rule, the court found that their exclusion from PPP loans under the first two iterations significantly frustrated their ability to obtain PPP loans within the statutory deadline. *Id.* at 477–79. Thus the court granted an injunction solely to extend the deadline for the plaintiffs to apply for PPP loans until July 21, 2020, and to reserve funds to guarantee loans for the plaintiffs should they obtain a lender and meet the eligibility criteria by the extended deadline. (ECF 19). Separately, on July 4, 2020, the President signed into law Public Law 116-147, 134 Stat. 660, which extended the deadline for PPP loan applications until August 8, 2020. The plaintiffs confirmed on August 14, 2020, that, because of these extensions, the plaintiffs applied for and received PPP loans. (ECF 21, Joint Status Report).

On August 28, 2020, the defendants moved to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that the plaintiff's receipt of PPP loans and the expiration of the PPP program meant that there was no further relief the court could order and thus the plaintiffs' claims, which were solely for prospective relief, were moot. The plaintiffs opposed the motion and moved for summary judgment.

On December 27, 2020, the Economic Aid to Hard-Hit Small Business, Nonprofits, and Venues Act ("Economic Aid Act") became law, as Title III of Division N of the Consolidated Appropriations Act of 2021. Pub. L. 116-260, 134 Stat. 1182, 1993–2052 (2020). The Economic Aid Act authorizes additional PPP loan applications through March 31, 2021, including second loans to certain small businesses who received a PPP loan under the CARES Act. *See id.* §§

3

311(a), 323(a)(1). And, like the CARES Act, the Economic Aid Act grants the SBA emergency rulemaking powers to administer the PPP. *Id.* § 303. The SBA has now issued two IFRs implementing the extended PPP—one concerning PPP loans to businesses that did not receive a loan under the first program ("First Draw IFR"), 86 Fed. Reg. 3692 (Jan. 14, 2021), and one concerning PPP loans to businesses that, like the plaintiffs, received PPP loans under the initial program ("Second Draw IFR"), 86 Fed. Reg. 3712 (Jan. 14, 2021). Under these rules, the plaintiffs are eligible for a Second Draw PPP loan. The Second Draw IFR adopts eligibility restrictions for second draw loans identical to those promulgated under the First Draw IFR for first draw loans. *See* 86 Fed. Reg. 3718 (subsection (IV)(e)(1)) ("An applicant is not eligible for a Second Draw PPP Loan . . . if the applicant is . . . [e]xcluded from eligibility under the [First Draw IFR][.]"). The First Draw IFR maintains the same criminal history restrictions as the June 24 IFR. 86 Fed. Reg. 3698 (subsection (III)(B)(2)(a)(iii)).

## STANDARD OF REVIEW

Issues of mootness are properly the subject of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction as the doctrine "constitutes a part of the constitutional limits of federal court jurisdiction." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). A federal court's jurisdiction over a case depends on the presence, "at all stages of review," on the existence of an actual controversy between the parties. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the

4

outcome," *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (citations omitted), or, in other words, when the court's "resolution of an issue could not possibly have any practical effect on the outcome of the matter." *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010).

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). The plaintiffs have the burden of proving that subject matter jurisdiction exists. *Piney Run Preservation Ass'n v. Cnty. Comm'rs of Carroll Cnty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008). "When a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings . . . ." *Blitz v. Napolitano*, 700 F.3d 733, 736 n.3 (4th Cir. 2012) (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

## DISCUSSION

The plaintiffs' claims in this case are based on their initial exclusion from the PPP under two IFRs that were superseded by a June 24 IFR that rendered them eligible for PPP loans. At the preliminary injunction stage, the court held that the plaintiffs' eligibility under the June 24 IFR did not moot the case because the plaintiffs were still experiencing difficulties applying for a loan under the new rule. *Defy Ventures*, 469 F. Supp. 3d at 469. The June 24 IFR was implemented close to the original PPP application deadline, and many banks were no longer accepting applications or were using outdated forms with the criminal history exclusions from prior IFRs. *Id.* In other words, at that stage of the litigation, there was an ongoing harm because

5

of the allegedly unlawful prior iterations of the rule. Now that the statutory deadline for the original PPP has passed, the June 24 IFR has itself expired, and the plaintiffs have received PPP loans, the defendants argue that no controversy remains, the plaintiffs have no remaining concrete interest in this case, and there is no further relief the court can order. The plaintiffs concede that the court's preliminary injunction "fully satisf[ied] their claims for injunctive relief," as it ensured that they received the funding they sought. (ECF 25-1, Opp'n at 3 n.2). Nonetheless, the plaintiffs argue that their claims for a declaratory judgment that the April 15 and June 18 IFRs were unlawful presents an ongoing controversy because of the risk that the defendants will reinstate those restrictions in a future PPP. The court agrees with the defendants that no concrete controversy remains.

     For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of [a] present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937). Statutory or regulatory changes during litigation may alter the parties' legal rights such that the initial suit becomes moot. *See, e.g.*, *Phillips v. McLaughlin*, 854 F.2d 673, 677–78 (4th Cir. 1988); *In re Cigar Ass'n of Am.*, 812 Fed. App'x 128, 135 (4th Cir. 2020) (citing cases). For example, in *Phillips v. McLaughlin*, certain foreign agricultural workers challenged the denial of employer-provided housing, arguing that the denial violated a Department of Labor ("DOL") regulation, though the DOL did not interpret its own rule to entitle plaintiff to such housing. 854 F.2d at 675. After the district court granted summary judgment to the defendants, the DOL replaced the contested regulation with new regulations, applicable to the plaintiffs, that expressly incorporated the DOL's view that employers were not obligated to provide the workers housing.

*Id.* at 675–76. On appeal to the Fourth Circuit Court of Appeals, all parties took the position that the case was not moot, arguing that declaratory relief was still available and that relief would be useful for its effect on any future litigation between the parties regarding the new regulation. *Id.* at 677. The Fourth Circuit disagreed, holding that the plaintiffs' "request for prospective relief alone, founded on a challenge to a regulation which no longer applies to plaintiffs, does not present an actual case or controversy" and that to opine on such a rule in anticipation of a future potential challenge to the new regulation would amount to an advisory opinion. *Id.* at 677–78 (citing *Burke v. Barnes*, 479 U.S. 361, 362–64 (1987); *Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972) (per curiam)).

The same holds true in this case. A declaratory judgment that the prior criminal history IFRs were unlawful now that they are no longer in effect and pose no barrier, as they did earlier in this litigation, to the plaintiffs' eligibility for PPP loans would not have any "practical effect" on any interest the plaintiffs had in this matter—the plaintiffs received their loans under the June 24 IFR, the initial PPP has closed, none of the challenged rules apply to an existing PPP, and unlike in the preliminary injunction stage, there is no indication that banks are continuing to process applications under the superseded rules. *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010). As the prior IFRs no longer exist, there is "no possible meaningful relief that this court could grant" in relation to those rules, *In re Cigar Ass'n*, 812 Fed. App'x at 136; any relief would amount to an impermissible advisory opinion, *see Phillips*, 854 F.2d at 677; *Diffenderfer*, 404 U.S. at 414.[2] *See also Catawba Riverkeeper Found. v. N.C. Dep't*

---

[2] To the extent that the plaintiffs' reference to the Complaint's prayer for "costs, attorneys' fees, and any other relief the Court deems just and proper," (ECF 25-1, Opp'n at 1), is meant to suggest that a potential award of costs or attorneys' fees serves to maintain the court's

7

*Transp.*, 843 F.3d 583, 589 (4th Cir. 2016) (repeal of statute that authorized the construction of a North Carolina toll-road project mooted a challenge under the National Environmental Policy Act to the environmental analysis conducted for the project because the NEPA analysis "deficient or not, pose[d] only hypothetical and speculative harm" after the repeal); *Reyes v. City of Lynchburg*, 300 F.3d 449, 453 (4th Cir. 2002) (affirming the dismissal of overbreadth challenge to a repealed ordinance on mootness grounds because the ordinance "cannot now, if it ever did, reach any amount of constitutionally protected conduct"); *In re Cigar Ass'n*, 812 Fed. App'x at 136 (FDA's issuance of guidance that superseded earlier guidance regarding the compliance period for filing certain applications for marketing new tobacco products mooted constitutional and APA challenges to the earlier guidance).

Further the plaintiffs' attempts to avoid mootness by arguing that it is one in which the defendant has voluntarily ceased its allegedly illegal activity or is capable of repetition, but evading review, are not persuasive.

It is well recognized that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of jurisdiction unless the defendant demonstrates that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Deal v. Mercer Cnty. Bd. of Educ.*, 911 F.3d 183, 191 (4th Cir. 2018) (quoting *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). While this standard applies to government defendants, *see, e.g.*, *id.*, "statutory [or regulatory] changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses

---

jurisdiction, those claims "do[] not avert mootness of the underlying action on the merits." *S-1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987).

the power to reenact the statute after the lawsuit is dismissed.'" *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) (quoting *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1510 (9th Cir. 1994)). In this context, the voluntary cessation doctrine is "generally limited to the circumstance, and like circumstances, in which a defendant openly announces its intention to reenact 'precisely the same provision'" previously challenged. *Id.* (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n.11 (1982)); *see also In re Cigar Ass'n*, 812 Fed. App'x at 135.[3] The defendants have announced no such intention in this case. On the contrary, in the First Draw and Second Draw IFRs applicable to the current PPP authorized by the Economic Aid Act, the defendants have retained criminal history ineligibility criteria identical to the June 24 IFR under which the plaintiffs are eligible for PPP loans. *See* 86 Fed. Reg. 3692, 3698 (January 14, 2021); 86 Fed. Reg. 3712, 3718 (January 14, 2021). The plaintiffs offer no evidence that the defendants plan to revise those rules.[4] Moreover, the prospect of

---

[3] None of the cases cited by the plaintiffs concerning voluntary cessation address the effect of a repeal or amendment to a statute or regulation on the court's jurisdiction. *See, e.g.*, *Deal*, 911 F.3d at 190–92 (addressing whether suspension of public school Bible instruction course mooted Establishment Clause challenge to the course); *Porter*, 852 F.3d at 364–65 (voluntary revisions to Virginia Department of Corrections policies concerning conditions of confinement of death row inmates were not grounds for mootness); *Wall v. Wade*, 741 F.3d 492, 494, 497 (4th Cir. 2014) (Virginia state prison's suspension of policy conditioning an inmate's request for religious accommodation on possession of "physical indicia of faith" did not moot case); *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013) (North Carolina Department of Health and Human Services' voluntary reinstatement of home personal care services after the plaintiffs challenged a state statute that denied them benefits did not moot case). And, in each of them, the facts suggested that the allegedly unlawful behavior could recur. *See, e.g.*, *6th Cong. Dist. Republican Cmte. v. Alcorn*, 913 F.3d 393, 407 (4th Cir. 2019) (government agency had a history of frequently revising election forms implementing challenged Incumbent Protection Act); *Porter*, 852 F.3d at 364–65 (case not moot where defendant refused to commit to retaining revised policies or to enter into a consent decree); *Heyer v. Bureau of Prisons*, 849 F.3d 202, 220 (4th Cir. 2017) (case not moot where BOP asserted it would provide the plaintiff with an ASL interpreter but had already failed to do so after earlier assurances).
[4] The plaintiffs point out that the SBA continues to exclude from its pre-existing Section 7(a) loan program, codified at 15 U.S.C. § 636, "[b]usinesses with an Associate who is incarcerated,

9

further opportunities for the defendants to institute a rule that excludes the plaintiffs from the PPP is highly uncertain—the court cannot predict whether or when Congress will legislate additional COVID-19 relief or whether that relief will include an additional PPP.

For similar reasons, the plaintiffs' claims are not ones capable of repetition but evading review. Under this exception a dispute is not moot where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *FEC v. Wisc. Right to Life*, 551 U.S. 449, 462 (2007) (internal quotation marks omitted). The plaintiffs' continued eligibility for the PPP is a strong signal that they will not again be subject to a version of the criminal history rule that excludes them from the program. At most, the plaintiffs have demonstrated that the defendants will retain a criminal history exclusion for the PPP in some form which will exclude some businesses from the program, but "the Article III question is not whether the requested relief would be nugatory as to the world at large, but whether [the plaintiffs have] a stake in that relief." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 479 (1990). On this record, the plaintiffs have not established that they retain such a stake.

---

on probation, on parole, or has been indicted for a felony or a crime of moral turpitude," 13 C.F.R. § 120.110, and that this regulation would apply to Plaintiff Wilks and his businesses. (*See* ECF 25-1, Opp'n at 8, 10). The plaintiffs have not challenged this regulation, and its longstanding existence does not show that the defendants intend to implement similar regulations as to any future iteration of the PPP. In fact, the January 14 First Draw IFR explicitly states that "[f]or PPP loans, the ineligibility restriction in 13 C.F.R. 120.110(n) is superseded by subsection .B.2.a.iii. of this interim final rule," that subsection describing the significantly less restrictive ineligibility criteria which do not exclude the plaintiffs. 86 Fed. Reg. 3698.

10

As mootness deprives the court of subject matter jurisdiction, the plaintiffs' case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss for lack of subject matter jurisdiction will be granted and the plaintiffs' motion for summary judgment will be denied. A separate Order follows.

__2/17/2021__  
Date

_____/S/_____  
Catherine C. Blake  
United States District Judge