UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOVECORP, *et al.*,

    Plaintiffs

v.

SMALL BUSINESS ADMINISTRATION, *et al.*,

    Defendants

Civil Action No. 20-1739 (CKK)

MEMORANDUM OPINION
(July 26, 2021)

In this action, Plaintiffs Movecorp and Michael Loughrey challenge several iterations of an Interim Final Rule ("IFR") published by the Small Business Administration ("SBA"), restricting certain businesses from receiving loans under the CARES Act's Paycheck Protection Program ("PPP") based on the business owner's criminal history. Under the initial IFR, Plaintiffs were ineligible to receive a PPP loan, but they became eligible under a later version of the IFR—which SBA issued the day before Plaintiffs filed their complaint in this action against Defendants SBA, Isabella Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as Secretary of the Treasury,[1] and the United States of America (collectively "Defendants"). Plaintiffs subsequently received a PPP loan. Pending before the Court is Defendants' [19] Motion to Dismiss the Complaint for lack of subject-matter jurisdiction. Upon consideration of the pleadings,[2] the relevant legal authority, and the record as a whole, the Court concludes that it lacks subject-matter jurisdiction, and so shall **GRANT** the motion to dismiss.

---

[1] Under Federal Rule of Civil Procedure 25(d), Defendants Guzman and Yellen are automatically substituted for their predecessors.
[2] The Court's consideration has focused on the following:
- Defs.' Mem. of Points and Authorities in Support of Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No. 19-1;
- Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 20; and
- Defs.' Reply in Support of Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 22.

1

## I.   BACKGROUND

**A. Paycheck Protection Program Eligibility**

In response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), which was signed into law on March 27, 2020.  Section 1102 of the CARES Act temporarily created the "Paycheck Protection Program" ("PPP"), a "new loan program to be administered by the SBA under Section 7(a) of the Small Business Act." [3] *Camelot Banquet Rooms, Inc. v. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. May 1, 2020).  In short, the CARES Act provided that PPP loans would be forgiven, and the SBA would pay the lender the amount forgiven, to the extent the borrower used the funds for certain purposes, including for payroll expenses. *See* 15 U.S.C. § 9005.

The CARES Act granted the SBA emergency rulemaking authority to administer the PPP. *See* 15 U.S.C. § 9012.  On April 2, 2020, the SBA issued an interim final rule ("IFR"), which was published on April 15, 2020 and "outline[d] the key provisions of SBA's implementation" of the PPP, including certain eligibility requirements.  *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,811-12 (effective Apr. 15, 2020) ("Initial IFR").  Pertinent to this lawsuit, the Initial IFR restricted disbursement of loans to business owners with certain criminal histories:[4]

> You are ineligible for a PPP loan if . . . [a]n owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information,

---

[3] Section 7(a) of the Small Business Act, 15 U.S.C. § 631 *et seq.*, authorizes the SBA to "make loans to any qualified small business concerns . . . either directly or in cooperation with banks or other financial institutions[.]" *Id.* § 636. The SBA generally guarantees loans from private lenders rather than disbursing funds directly to borrowers.  Defs.' Mot. at 3; Defs.' Mot. Ex. 1, Decl. of John A. Miller ("Miller Decl.") ¶¶ 3-4.

[4] The SBA similarly restricts eligibility for those that have certain criminal histories in its existing Section 7(a) loan program.  *See* 13 C.F.R. § 120.110(n) ("Businesses with an Associate who is incarcerated, on probation, on parole, or has been indicted for a felony or a crime of moral turpitude" are ineligible for SBA business loans.").

Case 1:20-cv-01739-CKK   Document 25   Filed 07/26/21   Page 3 of 11

> arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony within the last five years.

*Id.* at 20,812. The SBA subsequently revised its Initial IFR, limiting the types of felonies that would render applicants ineligible to obtain loans through the PPP:

> You are ineligible for a PPP loan if . . . [a]n owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony *involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year*[.]

Business Loan Program Temporary Changes; Paycheck Protection Program, Additional Revisions to First Interim Rule, 85 Fed. Reg. 36,717, 36,718 (effective June 16, 2020) ("Second IFR") (emphasis added).

On June 24, 2020—the day before Plaintiffs filed their Verified Complaint in this action—the SBA again issued revised criminal history restrictions for the PPP; instead of excluding businesses for which a 20% owner was facing any *criminal* charges, this iteration excluded business whose owners were facing *felony* charges. *See* Business Loan Program Temporary Changes; Paycheck Protection Program—Additional Eligibility Revisions to First Interim Final Rule, 85 Fed. Reg. 38,301, 38,302 (effective June 24, 2020) ("Third IFR") ("The Administrator has determined that this restriction should be limited to pending criminal charges for felony offenses, which aligns with the Administrator's prior determination that only felony convictions (but not convictions for other types of offenses) will limit an applicant's eligibility for the PPP."). In addition, the exclusion for business owners on probation or parole was modified to align with the time periods specified for the time since any felony conviction. *Id.* 38,303. Accordingly, the criminal history eligibility provision in the Third IFR provided:

3

> You are ineligible for a PPP loan if . . . [a]n owner of 20 percent or more of the equity of the applicant is presently incarcerated or, *for any felony*, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of, pleaded guilty or nolo contendere to, *or commenced any form of parole or probation (including probation before judgment) for*, a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year[.]

*Id.* (emphases added). Although applications for loans under the PPP were originally open until June 30, 2020, 15 U.S.C. § 636 (a)(36)(A)(iii), the deadline for applications was subsequently extended to August 8, 2020, Pub. L. No. 116-147, 134 Stat. 660.

On December 27, 2020—before the parties completed briefing on the pending Motion to Dismiss—the Economic Aid to Hard-Hit Small-Businesses, Nonprofits, and Venues Act Pub. L. 116-260, 134 Stat. 1182 (the "Economic Aid Act") was signed into law and authorized the SBA to guarantee "Second Draw" PPP loans through March 31, 2021 to borrowers that previously received a "First Draw" PPP loan. *See* Business Loan Program Temporary Changes; Paycheck Protection Program Second Draw Loans, 86 Fed. Reg. 3,712, 3,712 (effective Jan. 12, 2021). The criminal history exclusion contained in IFR issued by SBA with respect to this "Second Draw" program is identical to the provision included in the Third IFR quoted above. *See* Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Red. 3,692, 3,698 (effective Jan. 12, 2021).

**B. Factual Background**

Plaintiff Michael Loughrey is the president and 70% owner of MoveCorp, a company with its principal place of business in Texas. Compl. ¶¶ 6-7, ECF No. 1. Loughrey was arrested for Driving While Intoxicated ("DWI") in early February 2019. *Id.* ¶ 80. The DWI charge—a misdemeanor—was still pending as of April 2020. *Id.*

4

On April 7, 2020, Loughrey applied for a PPP loan on behalf of MoveCorp from First Citizens Bank in Round Rock, Texas. *Id.* ¶¶ 78-88. The bank denied the application on April 24, 2020 because he answered "yes" in response to the application question about whether an owner with more than 20% was under indictment. *Id*.

Plaintiffs filed their Verified Complaint in this action on June 25, 2020—one day after the SBA issued the Third IFR. Plaintiffs claim three violations of the APA: first, that the Initial and Second IFRs exceeded the SBA's statutory authority, in violation of, 5 U.S.C. § 706(2)(c), second, that the IFRs were arbitrary and capricious, in violation of § 706(2)(A); and third, that the SBA unlawfully withheld agency action by failing to administer PPP loans for some classes of small businesses, in violation § 706(1). Compl. ¶¶ 112-121, 126-135, 141-146. In addition, Plaintiffs seek a writ of mandamus, compelling Defendants to "administer and process Plaintiffs' PPP loan applications." *Id.* ¶ 152. Plaintiffs seek injunctive and declaratory relief.

It is undisputed that on June 26, 2020, Plaintiffs received a PPP loan in the amount of $350,300. Defs.' Mot. at 13; Defs.' Mot. Ex. 2, Suppl. Decl. of John A. Miller ("Suppl. Miller Decl.") at 1, ECF No. 19-3; Pls.' Opp'n at 1, 9; Defs.' Reply at 2.

## II.   LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal citation omitted). In deciding whether to grant a motion to dismiss for lack of jurisdiction, the Court "may

5

consider materials outside the pleadings." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005) ("At the motion to dismiss stage, counseled complaints as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact."); *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." (internal citations and quotation marks omitted).

Despite the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. U.S. Envt'l Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). A court need not accept as true "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint." *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal citation and quotation marks omitted).

### III.     DISCUSSION

The jurisdiction of federal courts is limited by Article III of the Constitution to the adjudication of actual, ongoing cases or controversies. This limitation "gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003); *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011). Pursuant to the mootness doctrine, it "is not enough that the initial requirements of standing and ripeness have been satisfied; the suit must remain alive throughout the course of litigation, to the moment of final appellate disposition. If events outrun the controversy such that the court can grant no meaningful relief; the case must be dismissed as moot." *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 95 (D.D.C. 2014) (internal quotation marks and citations omitted). "A case is moot when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated in circumstances where it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (internal quotation marks omitted).

Plaintiffs' Complaint challenges the criminal history exclusions contained in the Initial and Second IFRs. As of June 24, 2020, the IFR was revised to narrow the excluded categories, resulting in Plaintiffs being eligible for (and, within days, receiving) a PPP loan. Although Plaintiffs concede that their requests for injunctive relief "no longer present a live controversy," they maintain that they are still entitled to "a declaratory judgment that the prior iterations of SBA's Criminal History Rule were unlawful" because of the risk that Defendants will reinstate similar restrictions in a future PPP. Pls.' Opp'n at 1, 5 n.4. Defendants argue that no live controversy remains because the deadline for the original PPP has passed, the contested IFRs have been superseded and replaced, and Plaintiffs received the PPP loan for which they applied, so there is

no further relief that the Court can order. *See* Defs.' Mot. at 2, 17. The Court agrees with Defendants that Plaintiffs' claims for relief no longer present a live controversy, and therefore must be dismissed for lack of jurisdiction.

To grant declaratory relief, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of [a] present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242 (1937). Here, Plaintiffs seek a declaratory judgment that earlier iterations of the IFR administering the PPP violated the APA. But because those iterations are no longer in effect, the Court "can do nothing to affect [Plaintiffs'] rights relative to [them], thus making this case classically moot for lack of a live controversy." *Akiachak Native Cmty. v. U.S. Dep't of Interior*, 827 F.3d 100, 106 (D.C. Cir. 2016); *see also Larsen v. U.S. Navy*, 525 F.3d 1, 4 (D.C. Cir. 2008) ("[B]ecause the [agency has] already eliminated the [challenged] [p]olicy and plaintiffs never allege that the [agency] will reinstitute it, any injunction or order declaring it illegal would accomplish nothing—amounting to exactly the type of advisory opinion Article III prohibits."). Because the prior IFRs no longer exist, there is no meaningful relief that the Court could grant Plaintiffs in relation to those rules; any relief would amount to an impermissible advisory opinion. As another federal district court recently explained in a case involving a challenge to the same criminal history exclusions at issue in this action:

> A declaratory judgment that prior criminal history IFRs were unlawful now that now that they are no longer in effect and pose no barrier . . . to the plaintiffs' eligibility for PPP loans would not have any "practical effect" on any interest the plaintiffs had in this matter—the plaintiffs received their loans under the June 24 IFR, the initial PPP has closed, none of the challenged rules apply to an existing PPP, and . . . is no indication that banks are continuing to process applications under the superseded rules.

*Carmen's Corner Store v. Small Bus. Admin.*, --- F. Supp. 3d ---, Civil No. CCB-20-1736, 2021 WL 615121, at *4 (D. Md. Feb. 17, 2021) . The same is true here: a declaratory judgment that

8

now-rescinded versions of the IFR violated the APA would have no practical effect on Plaintiffs' interests in this matter.

As in *Carmen's Corner Store*, Plaintiffs here invoke two caveats to the mootness doctrine in support of their argument that this Court retains jurisdiction over their claims for declaratory relief. First, Plaintiffs argue that the "the voluntary cessation doctrine" applies. Pls.' Opp'n at 6. A "defendant's voluntary cessation of a challenged practice does not deprive the federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal citations and quotation marks omitted). If a defendant chooses to terminate the challenged conduct after a lawsuit is filed, the defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 190. "Although the voluntary repeal of a regulation does not moot a case if there is reason to believe the agency will reinstitute it, the mere power to reenact a challenged [rule] is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists absent evidence indicating that the challenged [rule] likely will be reenacted." *Akiachak*, 827 F.3d at 106 (internal citations and quotation marks omitted); *see also Valero v. Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000) ("[S]tatutory [or regulatory] changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.") (internal citations and quotation marks omitted).

Here, Defendants have not announced any intention to reenact the criminal history exclusions contained in the earlier IFRs. To the contrary, IFRs applicable to the "Second Draw" PPP authorized by the Economic Aid Act "retain[ ] criminal history ineligibility criteria identical to the June 24 IFR under which the plaintiffs are eligible for PPP loans." *Carmen's Corner Store*,

9

2021 WL 615121, at *4 (citing Business Loan Program Temporary Changes; Paycheck Protection Program as Amended by Economic Aid Act, 86 Fed. Reg. 3,692, 3,698 (Jan. 14, 2021); Business Loan Program Temporary Changes; Paycheck Protection Program Second Draw Loans, 86 Fed. Reg. 3,712, 3,718 (Jan. 14, 2021)). Accordingly, the "prospect of further opportunities for the defendants to institute a rule that excludes the plaintiffs from the PPP is highly uncertain." *Id.* Plaintiffs' attempt to evade mootness under the "voluntary cessation doctrine" is unpersuasive.

Plaintiffs next invoke the "the capable of repetition yet evading review" doctrine, pursuant to which a plaintiff may avoid dismissal on mootness grounds by demonstrating that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (internal quotation marks and alterations omitted).

Plaintiffs argue that the IFRs and the PPP itself were designed to be "short lived" responses to an emergency, and therefore it was impossible for lawsuits challenging the previous IFRs to be fully litigated before the SBA replaced those rules. Pls.' Opp'n at 10-12. They further assert that "there remains a reasonable expectation that the Defendants will once again subject the Plaintiffs to the same unlawful restrictions" in the event of additional PPP extensions. *Id.* at 10. Defendants counter that "SBA rescinded the challenged rule, replaced it with a new rule, Plaintiff *received funds* under the new rule, and SBA has reaffirmed the new rule in its most recent January 14, 2021 Interim Final Rule for the second-draw PPP program." Defs.' Reply at 8. The Court agrees with Defendants that there is no reasonable expectation that "the same complaining party would be subjected to the same action again." *Del Monte*, 570 F.3d at 322. "The plaintiffs' continued eligibility for the PPP is a strong signal that they will not again be subject to a version of the

criminal history rule that excludes them from the program." *Carmen's Corner Store*, 2021 WL 615121, at *5. Although Defendants may "retain a criminal history exclusion for the PPP in some form,"[5] the "Article III question is not whether the requested relief would be nugatory as to the world at large, bur whether [these plaintiffs have] a stake in that relief." *Id.* (quoting *Lewis v. Cont. Bank Corp.*, 494 U.S. 472, 479 (1990)). Plaintiffs have failed to demonstrate that they retain such a stake in this action.

Because the Court concludes that Plaintiffs' claims are moot, it must dismiss this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Verified Complaint is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

DATE: July 26, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Plaintiffs note that the SBA excludes certain businesses from its Section 7(a) loan program based on criminal history considerations, as explained *supra* note 4. *See* Pls.' Opp'n at 8. Plaintiffs, however, do not challenge that regulation here, nor do they provide any basis to conclude that Defendants "intend to implement similar regulations as to any future iteration of the PPP." *Carmen's Corner Store*, 2021 WL 615121, at *9 n.4.